**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND**

| | |
|---|---|
| JOHN L. KROLL | : |
|     Plaintiff | : |
| v. | :      Civil Action No.  AW-06-632 |
| MAXIMILLION ESETO, *et al.* | : |
|     Defendants | : |

. . . . . . .o0o. . . . . . .

**MEMORANDUM**

Plaintiff, an inmate at the Allegany County Detention Center, filed this pro se complaint alleging violations of his civil rights pursuant to 42 U.S.C. § 1983 and a motion for leave to proceed in forma pauperis. The Court will grant the motion for leave to proceed in forma pauperis and dismiss the complaint pursuant to 28 U.S.C. §1915A.

Plaintiff alleges that Maximillion Eseto, an inmate at the Maryland Correctional Adjustment Center (MCAC) in Baltimore City, uses electronic equipment contained in a black vinyl suitcase to cause a burning sensations on plaintiff's body. Plaintiff also claims that Eseto uses this equipment to so that he can "see and hear me, to everything I do and say," and threatens plaintiff and his family. Paper No. 1, Memorandum at 1-2. In addition plaintiff generally alleges: "inmates and officers have constantly been harassing me for a period of a little over 20 years, and Officer's [sic] and the administrators of these institution's [sic] refuse to do anything to put a stop to this with the threats and harassment...." Paper No. 1 at Page 6. [1] As relief, plaintiff wants the electronic equipment

---

[1] Plaintiff also asserts that three officers at the "Maryland Penitentiary" assaulted him and one tried to choke him and that they have a black vinyl suitcase used to inflict pain. He also contends he has been sprayed with gas and his food poisoned Paper No. 1, Memorandum at 2. Plaintiff does not provide the names of the officers, or the date on which the alleged assault occurred. The Court will direct the Clerk to mail to Plaintiff the forms needed for filing a 42 U.S.C. § 1983 complaint. If Plaintiff intends to pursue his allegations of excessive force by

removed and monetary damages from Maximillion Eseto and the Department of Correction.

This Court is obliged by 28 U.S.C. §1915A to screen prisoner complaints and dismiss any complaint that is frivolous, malicious or fails to state a claim upon which relief may be granted. In deciding whether a complaint is frivolous "[t]he district court need not look beyond the complaint's allegations . . . .   It must, however, hold the pro se complaint to less stringent standards than pleadings drafted by attorneys and must read the complaint liberally." White v. White, 886 F. 2d 721, 722-723 (4th Cir. 1989). A complaint that is totally implausible or frivolous may be dismissed *sua sponte* for lack of subject matter jurisdiction pursuant to Fed  R. Civ. P 12 (b)(1). See Apple v. Glenn, 183 F.3d 477 (6th Cir. 1999): O'Connor v. United States, 159 F.R.D. 22 (D. Md. 1994); see also  Crowley Cutlery Co. v. United States, 849 F.2d 273, 277 (7th Cir. 1988) (federal district judge has authority to dismiss a frivolous suit on own initiative).

The allegations asserted by plaintiff are the product of fantasy and delusional thinking that cannot be addressed by this Court.  Plaintiff has not provided any information that might lead to a reasonable conclusion that some plausible cause of action has accrued on his behalf. Accordingly, the complaint will be dismissed.  A separate Order follows.

March 20, 2006                                         /s                
Date                                           Alexander Williams, Jr.
                                               United States District Judge

---

correctional officers, he must provide the names of the officers who allegedly assaulted him, the date of the assault, and the correct name of the correctional institution where the assault occurred.